UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESLEY BICKHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1952** |
| **CHET MORRISON BUILDING CONSTRUCTION, LLC** | **SECTION: "A"** |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE NON-MEDICAL EXPERT REPORT DEADLINE

**MAY IT PLEASE THE COURT:**

    **NOW INTO COURT**, through undersigned counsel, comes Chet Morrison Offshore, LLC, ("Chet Morrison"), who opposes plaintiff's second Motion to Extend Non-Medical Expert Report Deadline[1] for the reasons that this is the third time plaintiff seeks to have the his non-medical expert report exchange deadline continued from May 11, 2012 to June 6, 2012, or 3 days before defendant's non-expert report deadline.  Plaintiff filed this motion on the day his non-expert reports were due; after the Court dismissed his objections at the February 9, 2012 status conference, and denied his Motion to Extend Non-Medical Expert Report Deadline.

---

[1] Rec. Doc. No. 72.

## BACKGROUND

On February 9, 2012 after a status conference, the Court issued a Minute Entry and Scheduling Order[2] setting the deadline for plaintiff's production of non-medical expert reports on May 11, 2012, and deposed by May 31, 2012. Defendant's non-medical expert reports were set to be produced on June 15, 2012, and deposed by June 29, 2012. Trial was reset for November 13, 2012.

On April 7, 2012 plaintiff filed his first Motion to Modify Minute Entry[3] seeking to extend for one month his non-expert disclosure deadline or until after the disposition of defendant's Motion for Summary Judgment, and on grounds that Chet Morrison did not answer discovery. Defendant answered and objected to plaintiff's discovery on April 9, 2012. Defendant's Opposition to Motion to Modify Minute Entry[4] was filed on April 12, 2012.[5]

On April 13, 2012 the Court issued its Order denying the plaintiff's Motion to Modify Minute Entry, noting that plaintiff previously raised the same issue and concerns of extending the non-medical expert deadline at the February 9, 2012 Status Conference.[6]

Chet Morrison's Motion for Partial Summary Judgment[7] is currently pending before the Court and has been reset for oral argument on June 13, 2012.[8]  Defendant seeks dismissal of plaintiff's claims as time barred. Plaintiff has not opposed the Motion for Partial Summary Judgment, but instead late filed a Motion to Continue MSJ[9] on April 26, 2012, which was set for hearing on June 13, 2012. On May 1, 2012, this Court, *sua sponte* filed an Order[10] continuing

---

[2] Rec. Doc. No. 61.
[3] Rec. Doc. No. 62.
[4] Rec. Doc. No. 68.
[5] Rec. Doc. No.
[6] Rec. Doc. No. 69.
[7] *Id.*
[8] Rec. Doc. No. 76.
[9] Rec. Doc. No. 70.
[10] Rec. Doc. No. 71.

2

Chet Morrison's Motion for Partial Summary Judgment to June 6, 2012 on the briefs, thereby rendering the plaintiff's Motion to Continue MSJ, moot.

The only cause plaintiff has offered for the instant motion is 1) that if the Motion for Partial Summary Judgment is granted, then an expert report will not be necessary, and 2) that the extension is needed because the defendant has not been responsive to plaintiff's discovery requests. These are the same arguments plaintiff made in support of his first Motion to Modify Minute Entry, and they fail because the Court has already ruled on these issues and rejected them.[11]

## LAW AND ANALYSIS

Though plaintiff does not cite the legal basis for his request for a continuance, under Rule 16(b)(4) Federal Rule of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."[12] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[13] A trial court has broad discretion to preserve the integrity and purpose of its pretrial orders: "which, toward the end of court efficiency, is to expedite pretrial procedure."[14]

The U.S. Fifth Circuit Court of Appeals has applied a four-factor balancing test in certain contexts to determine whether good cause exists to modify a scheduling order by weighing (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the

---

[11] See Order, Rec. Doc. No. 69
[12] Rule 16(b)(4), Federal Rules of Civil Procedure
[13] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).
[14] *S & W Enters.,* 315 F.3d at 535.

proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice.[15]

In analyzing these factors, (1) plaintiff has offered no reasonable explanation or good cause as to why he delayed in obtaining his non-expert report after the court rejected his requests at the status conference in February, 2012, then denied his motion to modify minute entry; (2) non-expert reports are necessary to narrow the issues to be decided at trial and defendant should be entitled to rebut plaintiff's experts; (3) defendant will be prejudiced if plaintiff's motion is granted because its non-expert reports will be due 3 days after the time for plaintiff's reports; (4) a continuance will delay discovery, and potentially continue the already rescheduled trial, again.

Defendant answered and objected to plaintiff's discovery requests on April 9, 2012. Plaintiff has not even scheduled a Rule 37(a) Federal Rules of Civil Procedure conference to discuss in good faith his objections to the discovery responses or to file a Motion to Compel, if he is dissatisfied with the responses. Furthermore, plaintiff's bald assertions do not constitute a valid cause or excuse for an extension of plaintiff's non-expert deadline which he filed on the day the reports were due.

Plaintiff's ability to hire an "unseaworthy" expert to inspect the vessel and render a report has never been hindered. Plaintiff was aware of the deadline since he raised this issue at the status conference on February 9, 2012, and this second motion is only an attempt to delay the process until 3 days before defendant's non-expert report disclosure is set. Applying the Fifth Circuit test to the instant case, plaintiff has failed to show any "good cause" for extending the non-expert discovery deadline, and this motion should be denied.

---

[15] *Geiserman v. MacDonald,* 893 F.2d 787, 790-92 *(5th Cir. 1990)* (untimely designation of expert witnesses);

## CONCLUSION

For the foregoing reasons, Chet Morrison Offshore, LLC respectfully requests that this Honorable Court deny plaintiff's second Motion to Continue Non-Medical Expert Report Deadline.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

   /s/ Robert S. Reich
**ROBERT S. REICH (#11163)**
**ROBERT B. ACOMB, III (#02303)**
3850 North Causeway Boulevard, Suite 1000
Metairie, Louisiana   70002
Telephone:  (504) 830-3999
Facsimile:  (504) 830-3950
Email:  rreich@rapllclaw.com
          racomb@rapllclaw.com
Attorneys for Defendant, Chet Morrison Offshore, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record to this proceeding, via electronic filing, this 29th day of May, 2012.

/s/ Robert S. Reich
ROBERT S. REICH

5